**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2564

_____

| | | |
|---|---|---|
| Jeffrey Gorman, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Floyd Bartch, Chief, Kansas City | * | |
| Missouri, Police Department; Steven | * | |
| Bishop, Former Chief, Kansas City, | * | |
| Missouri, Police Department; and | * | |
| Emanuel Cleaver II, John Dillingham, | * | |
| Jack Headley, Jacqueline L. Paul, | * | |
| Bailus Tate, Dona Boley, Neil Becker, | * | |
| Dr. Stacey Daniels, and James F. | * | |
| Ralls, Jr., | * | |
| | * | |
| Appellees. | * | |
| | * | |
| _____ | * | |
| | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Amicus Curiae. | * | |

_____

Submitted: January 15, 1997

Filed: September 4, 1997

_____

Before LOKEN, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In 1992, the Kansas City, Missouri, police arrested Jeffrey Gorman for trespassing in a bar. Mr. Gorman is a paraplegic who is wheelchair-bound. A police van arrived to transport Mr. Gorman, and two officers lifted him from his wheelchair onto a bench inside the van. One of the officers used Mr. Gorman's belt to tie him to a mesh panel behind the bench. During the trip to the police station, Mr. Gorman fell from the bench and was injured.

He sued the police chief, the officer who tied him to the mesh panel, and current and former members of the Board of Police Commissioners. Mr. Gorman alleged that by transporting him in a vehicle that was not suitable for persons with mobility impairments, the defendants discriminated against him in violation of the Rehabilitation Act of 1973, see 29 U.S.C. §§ 701-797b, especially 29 U.S.C. § 794(a), and the Americans with Disabilities Act of 1990 (ADA), see 42 U.S.C. §§ 12101-12213, especially 42 U.S.C. § 12132.

In a series of four orders, the district court granted summary judgment to all of the defendants in their official and individual capacities. Mr. Gorman appeals. We dismiss the appeal for lack of jurisdiction.

I.

In two orders filed on March 26, 1996, and one order filed on March 29, 1996, the district court granted summary judgment on the ground of qualified immunity to, respectively, the person who was the police chief at the relevant time, see Gorman v. Bishop, 919 F. Supp. 326, 327, 332 (W.D. Mo. 1996), the officer who tied Mr. Gorman to the mesh panel (unpublished opinion), and the current and former

members of the Board of Police Commissioners (unpublished opinion).  The grants of summary judgment to all of those defendants were in their individual capacity.

In an order filed on May 13, 1996, the district court substituted the current police chief in his official capacity in the place of the person who was the police chief at the relevant time in  his official capacity, see Gorman v. Bartch, 925 F. Supp. 653, 653 n.1 (W.D. Mo. 1996), and then granted summary judgment to all of the defendants in their official capacity, see id. at 654, 658.  The basis for summary judgment was the district court's holding that the Rehabilitation Act and the ADA do not apply to the circumstances of Mr. Gorman's transport after arrest.  See id. at 656-58.

The district court acknowledged that each of the four orders resolved different claims.  See id. at 655 n.3.  The district court did not, however,  execute a final "judgment ... set forth on a separate document," see Fed. R. Civ. P. 58, that "adjudicat[ed] all the claims and the rights and liabilities of all the parties," see Fed. R. Civ. 54(b), for the whole case.  In the absence of such a judgment, we have no jurisdiction.  See Powell v. Georgia-Pacific Corp., 90 F.3d 283, 284 (8th Cir. 1996); see also 28 U.S.C. § 1291.

II.

We therefore dismiss the appeal without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.